## BLACK DIAMOND COAL CO. et al. v. COMMISSIONER OF INTERNAL REVENUE.

### No. 4811.

Circuit Court of Appeals, Seventh Circuit.
Oct. 27, 1932.

A. M. Fitzgerald, of Springfield, Ill., for petitioners.

G. A. Youngquist, Asst. Atty. Gen., J. Louis Monarch and John H. McEvers, Sp. Assts. to Atty. Gen., and C. M. Charest, Gen. Counsel, Bureau of Internal Revenue, and John H. Pigg, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., for respondent.

Before ALSCHULER and EVANS, Circuit Judges, and WILKERSON, District Judge.

EVANS, Circuit Judge.

The only question presented by this appeal arises out of petitioners' efforts to file a consolidated income tax return for the calendar year 1923 with the Panther Creek Mines, Incorporated. The legal question presented may be stated thus: Are three coal companies affiliated, within the meaning of section 240 (c) of the Revenue Act of 1921 (42 Stat. 260), so as to permit of a consolidated income tax return, when it appears that five brothers each owned 20% of the stock of two of said companies and four of said brothers owned 95% and an outsider owned 5% of the stock of the third company?

In answering this question, it is assumed that one of the brothers was the business manager of all three companies and determined the policies of each company without regard to the ownership or control of the capital stock and that the business of all three companies was carried on in the same office by the same employees under the sole direction of said brother.

While an affirmative answer would logically seem to follow the decision of this court rendered in Great Lakes Hotel Co. v. Commissioner, 30 F.(2d) 1, the later decision of the Supreme Court in Handy & Harman v. Burnet, 284 U. S. 136, 52 S. Ct. 51, 76 L. Ed. 207, necessitates a negative answer to the question above stated. The fact that one stockholder holds 20% of the stock of the two corporations and nothing in the third corporation is conclusive of the question, in view of the holding in the Handy & Harman v. Burnet Case. Under the circumstances recited, it can not be said that the same interests owned or controlled "substantially all of the stock" of the three corporations.

The order of the Board of Tax Appeals is Affirmed.